FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
300 NORTH HOGAN STREET     2003 JUL 21 A 10: 06
SUITE 9-150
JACKSONVILLE, FLORIDA 32202  CLK. US DISTRICT COURT
904-549-1900



| TONY A. WILSON, | : | **Demand for a 12-member jury trial** |
|---|---|---|
| Plaintiff, | : | |
| | : | Case No.: 3:03-cv-590-J-25TEM |
| v. | : | |
| | : | |
| Boys' Home, Jacksonville Youth Sanctuary, | : | |
| Jewish Family and Community Services, | : | |
| Department of Children and Families, | : | |
| Allean Lovett (In personal capacity), | : | |
| Lucy Farley (In personal capacity), | : | |
| | : | |
| Defendant(s). | : | |

## COMPLAINT

1. This action is brought pursuant to Mr. Wilson's procedural due process claim for deprivation of liberty, in that, false statements, of stigmatizing nature, attending Mr. Wilson's discharge, was made public, by governmental employer, the Department of Children and Families and Ms. Lucy Farley, without meaningful opportunity for employee name-clearing hearing. Jurisdiction exists by virtue of 14th Amendment, 42 U.S.C. §§ 1983, 1985 for violation of 42 U.S.C. § 1981.

2. This action is brought pursuant to violation of 42 U.S.C. § 1981. Jurisdiction exists by virtue of 42 U.S.C. § 1981.

3. This action is brought pursuant to violation of 42 U.S.C. § 1981. Jurisdiction exists by virtue of 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

\1

4. On February 11, 2002, Ms. Lucy Farley stated "...this letter is to officially notify you that pursuant to Section 110.227(1), Florida Statutes (see attachment 1), you are being dismissed from your position of Family Service Counselor effective at the close of business February 11, 2002."

5. After Mr. Wilson's discharge, he appealed to the State of Florida Public Employees Relations Commission, case no. CS-2002-039. Thereafter, the Commission dismissed the appeal. Except for the Hearing Officer's Order dated the 27th day of February, 2002, which clarified the specification to Charge III that was merged in Ms. Lucy Farley's predetermination letter' <u>SPECIFICATION (I) TO CHARGE(S)</u>, the Commission dismissed the appeal without resolving any disputed issues of fact properly before it.

6. The District Court of Appeal, First District, Case no.: 1D02-942, dismissed Mr. Wilson petition for review of nonfinal administrative action dated March 11, 2002, and requested review of the nonfinal administrative order of April 5, 2002 was denied, without resolving any disputed issues of fact.

7. Mr. Wilson appealed to the District Court of Appeal, First District, Case no.: 1D02-2062. Thereafter, the District Court of Appeal dismissed the appeal, without resolving any disputed issues of fact.

8. Mr. Wilson's address is 4375 Confederate Point Road, apartment 10H, Jacksonville, FL 32210. Phone and Fax number is 904.317.9946.

9. Mr. Wilson complains of the Florida Department of Children and Families ("DCF"), 5920 Arlington Expressway, P.O. Box 2417, Jacksonville, FL

32231, for discriminating and retaliating against Mr. Wilson by using race as a determining factor and by knowingly using false information to reject Mr. Wilson's resume/application for employment in 2002.

10. Mr. Wilson complains of the Boys' Home, 2354 University Boulevard North, Jacksonville, Florida 32211, for discriminating and retaliating against Mr. Wilson by using race as a determining factor and by knowingly using false information, which was provided by DCF to reject Mr. Wilson's resumes/applications for employment in 2002 and 2003.

11. Mr. Wilson complains of the Jacksonville Youth Sanctuary, 2406 Harper Street, Jacksonville, Florida 32204, for discriminating and retaliating against Mr. Wilson by using race as a determining factor and by knowingly using false information, which was provided by DCF to reject Mr. Wilson's resumes/applications for employment in 2002 and 2003.

12. Mr. Wilson complains of the Jewish Family and Community Services, 8789 San Jose Boulevard, #111, Jacksonville, Florida 32257, for discriminating and retaliating against Mr. Wilson by using race as a determining factor and by knowingly using false information, which was provided by DCF to reject Mr. Wilson's resumes/applications for employment in 2002 and 2003.

13. The Department of Children and Families negligently retained Ms. Lucy Farley as District Program Manager, during the time of Mr. Wilson's employment in District 4, when the Department knew she was not competently performing her duties.

14. Ms. Lucy Farley violated Mr. Wilson's procedural due process rights by depriving him of liberty, in that, false statements, of stigmatizing nature, attending Mr. Wilson's discharge, was made public, by governmental employer, Department and Children and Families, and Ms. Lucy Farley, without meaningful opportunity for employee name-clearing hearing.

15. The Florida Public Employees Relation Commission, postdeprivation remedy, did not provide Mr. Wilson with a meaningful opportunity for an employee name-clearing hearing, and did not satisfy [procedural] due process, because the deprivation of Mr. Wilson's protected property interest was caused by conduct pursuant to established state procedure, Section 110.227(1)(2), Florida Statutes, rather than a random and unauthorized action by Ms. Lucy Farley.

16. The Florida Public Employees Relation Commission, postdeprivation remedy, is inadequate for claims of (1) racial/sexual discrimination, (2) racial/sexual harassment, (3) retaliation, and (4) malicious or reckless deprivation of liberty and procedural due process caused by state employees, which were motivated by malicious and intentional discrimination and retaliation.

17. There is no provision in the rules giving the Department of Children and Families the right to a hearing with the Florida Public Employees Relation Commission following noncompliance with Section 110.227(5)(a), Florida Statutes, to determine whether actual prejudice resulted to Mr. Wilson. Florida State University v. Tucker, 440 So.2d 37 (Fla. 1st DCA 1983).

18. Ms. Lucy Farley an agent of the Department of Children and Families maliciously filed in Mr. Wilson's public-personnel-file her December 18, 2001 predetermination letter and February 11, 2002 discharge letter, which she knew to be totally false.

19. From February 11, 2002 until the present time, the Department of Children and Families, and Ms. Allean Lovett has refused to remove the false December 18, 2001 predetermination letter and false February 11, 2002 discharge letter from Mr. Wilson's public-personnel-file.

20. From February 11, 2002 until the present time, the Department of Children and Families and Ms. Allean Lovett has refused to place Mr. Wilson's predetermination reply with attachments in his public-personnel-file.

21. Mr. Wilson notified the Department of Children and Families and Ms. Allean Lovett that the charges and related information were false.

22. Ms. Lucy Farley an agent of the Department of Children and Families caused Mr. Wilson's public-personnel-file with the false and stigmatizing information to be published to Mr. Jerry Walter, Boys' Home Vice President, and Mr. Robert Rotar, supervisor of the Boys' Home, and other contract providers, without Mr. Wilson's predetermination reply with attachments.

23. Ms. Lucy Farley an agent of the Department of Children and Families caused Mr. Wilson's public-personnel-file with the false and stigmatizing information to be published to Mr. George M. Robinson, B.A., supervisor of the Jewish Family and Community Services, and other contract providers, without Mr.

Wilson's predetermination reply with attachments. On or about July 7, 2003, Mr. George M. Robinson, B.A., viewed Mr. Wilson's public-personnel-file. He stated the charges were ugly.

   a. On July 16, 2003, Mr. Wilson was interviewed by Mr. George M. Robinson, B.A., Mr. Alan Zumarraga, Ms. Sheila Harper, Ms. Mary E. Cooke, Ms. Precious Hill-Barrs.

   b. During the interview, Mr. George M. Robinson, B.A., asked Mr. Wilson about his employment with the Department of Children and Families and the reason for his departure. Mr. Wilson fully disclosed that the three charges were false and that he has a lawsuit pending in federal court against the Department of Children and Families.

24. Mr. Wilson was denied employment with the Boys' Home, Jacksonville Youth Sanctuary, and Jewish Family and Community Services, in significant part because Ms. Lucy Farley an agent of the Department published Mr. Wilson's public-personnel-file with the false and stigmatizing information and without Mr. Wilson's predetermination reply with attachments.

25. The Boys' Home rejected Mr. Wilson's application/resumes after being notified that the information in his public-personnel-file contained false and stigmatizing information.

26. Under 42 U.S.C. § 1981, Mr. Wilson had a right to make a contract with the Boys' Home. The Boys' Home discriminated against Mr. Wilson because of his race in violation of 42 U.S.C. § 1981.

      i. Mr. Wilson was as qualified or more qualified than any successfully candidate selected by the Boy's Home from October 2002 to the present time.

      ii. Mr. Wilson worked as a paralegal with the Department of Children and Families.

      iii. Mr. Wilson worked as a child protective investigator court worker with the Department of Children and Families.

      iv. Mr. Wilson has a Child Protection Casework Professional Certification.

      v. Mr. Wilson passed the MPRE on or about August 9, 2002.

      vi. Mr. Wilson has three years of postgraduate education.

      vii. Mr. Wilson has two years of experience in the child protection field.

27. The Jacksonville Youth Sanctuary rejected Mr. Wilson's resumes after being notified that the information in his public-personnel-file contained false and stigmatizing information.

28. Under 42 U.S.C. § 1981, Mr. Wilson had a right to make a contract with the Jacksonville Youth Sanctuary. The Jacksonville Youth Sanctuary discriminated against Mr. Wilson because of his race in violation of 42 U.S.C. § 1981.

    i. Mr. Wilson was as qualified or more qualified than any successfully candidate selected by the Jacksonville Youth Sanctuary from October 2002 to the present time.

    ii. Mr. Wilson worked as a paralegal with the Department of Children and Families.

    iii. Mr. Wilson worked as a child protective investigator court worker with the Department of Children and Families.

    iv. Mr. Wilson has a Child Protection Casework Professional Certification.

    v. Mr. Wilson passed the MPRE on or about August 9, 2002.

    vi. Mr. Wilson has three years of postgraduate education.

    vii. Mr. Wilson has two years of experience in the child protection field.

29. The Jewish Family and Community Services rejected Mr. Wilson's resumes after being notified that the information in his public-personnel-file contained false and stigmatizing information.

30. Under 42 U.S.C. § 1981, Mr. Wilson had a right to make a contract with the Jewish Family and Community Services. The Jewish Family and Community Services discriminated against Mr. Wilson because of his race in violation of 42 U.S.C. § 1981.

  i. Mr. Wilson was as qualified or more qualified than any successfully candidate selected by the Jewish Family and Community Services from October 2002 to the present time

  ii. Mr. Wilson worked as a paralegal with the Department of Children and Families.

  iii. Mr. Wilson worked as a child protective investigator court worker with the Department of Children and Families.

  iv. Mr. Wilson has a Child Protection Casework Professional Certification.

  v. Mr. Wilson passed the MPRE on or about August 9, 2002.

  vi. Mr. Wilson has three years of postgraduate education.

  vii. Mr. Wilson has two years of experience in the child protection field.

31. As of on or about October 2002, the Department continued to discriminate and retaliate against Mr. Wilson. On or about October 2002, Mr. Wilson reapplied to the Department of Children and Families, Duval County, as a Family Service Counselor. The Department of Children and Families rejected Mr. Wilson's application because of race and the false information placed in his public-personnel-file by Ms. Farley.

 a. Mr. Wilson is suffering intentional emotional distress and will suffer financial loss because the Department is eliminating any possibility of

   Mr. Wilson achieving his goal of becoming a lawyer with the Department of Children and Families.

  b. Mr. Wilson is suffering intentional emotional distress and will suffer financial loss because Mr. Wilson believes the Department will cause Mr. Wilson to be rejected for employment as a lawyer with other organizations because of its malicious publication of the false information in Mr. Wilson's public-personnel-file.

32. In 2000, Mr. Wilson established a goal for himself of becoming a lawyer with the Department of Children and Families.

  a. In 2001, Mr. Wilson informed Ms. Green of his goal of becoming a lawyer with the Department of Children and Families.

  b. In 2001, Mr. Wilson informed Ms. Gibson of his goal of becoming a lawyer with the Department of Children and Families.

  c. In 2001, Mr. Wilson informed Ms. Farley that he was attending Florida Coastal School of Law.

33. CFOP 60-08, 3-3 (3) states in part: All reference information given to a prospective employer must be supported by documentation in the employee's official personnel file.

34. Pursuant to CFOP 60-08, 3-3 (3), DCF published to prospective employers unsupported reference information (Mr. Wilson's discharge information).

35. In October 2002, and March 2003, Mr. Wilson filed with Florida Coastal School of Law a clinic application for the Department of Children and Families clinic placement.

    a. Mr. Wilson was qualified for the Department of Children and Families clinic placement.

        i. Mr. Wilson has two years of experience with the DCF.

        ii. Mr. Wilson worked as a paralegal with the DCF.

        iii. Mr. Wilson worked as a child protective investigator court worker.

        iv. Mr. Wilson has a Child Protection Casework Professional Certification.

        v. Mr. Wilson passed the MPRE on or about August 9, 2002.

36. As of March, 2003, DCF continued to discriminate and retaliate against Mr. Wilson. On January 13, 2003, Ms. McDowell notified Mr. Wilson that the Department of Children and Families rejected his application. Thereafter, in March 2003, Ms. McDowell refused to submit Mr. Wilson's application to the Department of Children and Families because she believed DCF would reject Mr. Wilson's application again.

37. On January 13, 2003, after Ms. McDowell's notification of Mr. Wilson's application rejection, Mr. Wilson hand delivered to Ms. McDowell the following letter:

    TO:        Ms. McDowell
               Florida Coastal School of Law

                7555 Beach Blvd.
                Jacksonville, FL 32216
                904-680-7752

FROM:    Tony A. Wilson
                4375 Confederate Point Road, Apt. 10H
                Jacksonville, FL 32210
                904-317-9946

RE:        Clinic Placement (Department of Children and Families)

DATE:    January 13, 2003

Dear Ms. McDowell:

    Per our conversation, you informed me that the Department of Children and Families rejected my application for Clinic Placement with its organization. Further, during the conversation you stated that the Department of Children and Families informed you that I have a lawsuit against the Department of Children and Families for employment discrimination. Further, you stated that the Department of Children and Families rejected another person's application.

    I respectfully request a written statement concerning my rejection and the name of the other individual rejected, because I believe the Department of Children and Families rejected me because of the false information in my public-employee-file. Further, I believe the Department of Children and Families rejected the other individual because of my rejection.

    Tony A. Wilson

38. On January 24, 2003, Ms. Stacy L. Raim, FCSL clinical placement student, stated she was placed in the Department of Children and Families Clinic.

39. Mr. Wilson was as qualified or more qualified than Ms. Stacy L. Raim for the clinical placement.

40. For the spring 2003 semester, Mr. Wilson was denied a clinical placement with the Department of Children and Families in whole or in significant part because Ms. Lucy Farley an agent of the Department published Mr. Wilson's

public-personnel-file with the false and stigmatizing information and without Mr. Wilson's predetermination reply with attachments.

41. On or about June 25, 2003, Ms. Angela D. Sturm, FCSL clinical placement student, stated she was placed in the Department of Children and Families Clinic.

42. Mr. Wilson was as qualified or more qualified than Ms. Angela D. Sturm for the clinical placement.

43. On or about June 25, 2003, Mr. Vineet N. Roney, FCSL clinical placement student, stated he was placed in the Department of Children and Families Clinic.

44. Mr. Wilson was as qualified or more qualified than Mr. Vineet N. Roney for the clinical placement.

45. For the summer 2003 semester, Mr. Wilson was denied a clinical placement with the Department of Children and Families in whole or in significant part because Ms. Lucy Farley an agent of the Department published Mr. Wilson's public-personnel-file with the false and stigmatizing information and without Mr. Wilson's predetermination reply with attachments.

46. Ms. Farley knew or should have known that Mr. Wilson's career opportunities with the Department of Children and Families and any other prospective employer would be harmed by the malicious publication of the false information in Mr. Wilson's public-personnel-file.

  a. Mr. Wilson should be compensated for loss of opportunity to participate in DCF intern program during the spring 2003 and summer 2003 semesters.

  b. Mr. Wilson should be compensated for DCF intentionally preventing Mr. Wilson from being able to place on his job application with DCF or any other prospective employer that he has seven months of legal experience, which directly relates to the protection of Florida's children.

  c. Mr. Wilson should be compensated for DCF causing Mr. Wilson to suffer intentional emotional distress and suffer financial loss because the Department is eliminating any possibility of Mr. Wilson achieving his goal of becoming a lawyer with the Department of Children and Families.

47. On or about July 21, 2003, Mr. Wilson submitted an application to the Department of Children and Families for an attorney's position. The position number is 60062096. The location is Duval County, Green Cove Springs. The annual salary range is $34,283.18 to $85,707.94. The pay grade is BB010. The closing date is 1/3/2004.

48. All documentation concerning Mr. Wilson's public-personnel-file with the false and stigmatizing information should be permanently removed from Mr. Wilson's public-personnel-file.

49. Mr. Wilson requests a permanent injunction against the Department of Children and Families to enjoin it and its employees, and privies from publishing and using the false information contained in Ms. Farley's December 18, 2001 predetermination letter and February 11, 2002 discharge letter.

   a. The remedies at law are inadequate, because of the likelihood of multiplicity of lawsuits against DCF for publishing the false information contained in Ms. Farley's December 18, 2001 predetermination letter and February 11, 2002 discharge letter to prospective employers. Because legal relief is inadequate, the harm to Mr. Wilson is irreparable.

   b. Mr. Wilson had a protected property right in employment with DCF and could only be terminated for just cause.

   c. The enforcement of the permanent injunction would be feasible, because this Honorable Court could require DCF to stop giving the false reference information to prospective employers and require DCF to permanently remove the false information from Mr. Wilson's public-personnel-file. Since no supervision is required, feasibility of enforcement would not be a problem.

   d. If the permanent injunction were granted, the equitable decree would not impose an undue burden on the Defendants because the benefit to

       Mr. Wilson by having the false information removed out weights any alleged hardship the Defendants may claim.

  e. The Defendants do not have any equitable meritorious defenses, such as laches, unclean hands, or hardship.

WHEREFORE, Mr. Wilson respectfully requests that this Honorable Court find that (1) Ms. Lucy Farley knowingly and maliciously published false information about Mr. Wilson, which harmed Mr. Wilson's reputation and prevented him from attaining gainful employment; (2) false statements, of stigmatizing nature, attending Mr. Wilson's discharge, was made public, by governmental employer, Department and Children and Families, and Ms. Lucy Farley, without meaningful opportunity for employee name-clearing hearing; (3) all documentation concerning Wilson's public-personnel-file with the false and stigmatizing information shall be permanently removed from his public-personnel-file; and (4) Wilson is entitled to compensatory damages and punitive damages against Ms. Lucy Farley, and the contract providers as the law allows.

THEREFORE, Mr. Wilson prays as follows:

  a. That all fees, cost or security attendant to this litigation be hereby waived.

  b. That the Court award a total of $5,000,000.00 against Ms. Lucy Farley and Ms. Allean Lovett in their person capacity for their wanton and willful violation of Mr. Wilson human rights. Ms. Lucy Farley and Ms. Allean Lovett acted with "malice" or with "reckless indifference" to the rights of

Mr. Wilson. Also, that the Court award damages against the Department of Children and Families, and the contract providers as the law allows.

c. That the Court grants such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

d. That all documentation concerning Wilson's public-personnel-file with the false and stigmatizing information shall be permanently removed from his public-personnel-file.

e. That the Court grants compensatory damages include future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other nonpecuniary losses.

f. That the Court grants presumed, consequential, and punitive damages pursuant to 42 U.S.C. § 1981a, and 42 U.S.C. § 1981(a) against Ms. Lucy Farley and Ms. Allean Lovett who acted with "malice" or with "reckless indifference" to the rights of Mr. Wilson.

*Tony A. Wilson*

Tony A. Wilson
4375 Confederate Point Road, Apt. 10H
Jacksonville, FL 32210